IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Anthony Harris, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 2:21-2593-BHH |
| ) | |
| v. ) | |
| ) | **OPINION AND ORDER** |
| Warden, FCI Bennettsville, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

Petitioner Anthony Harris ("Petitioner"), a federal inmate proceeding *pro se*, filed this habeas relief action pursuant to 28 U.S.C. § 2241. (ECF No. 1.) In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Mary Gordon Baker for pre-trial proceedings and a Report and Recommendation ("Report").

On October 18, 2021, Respondent Warden, FCI Bennettsville ("Respondent"), filed a motion for summary judgment. (ECF No. 17.) Because Petitioner is *pro se* in this matter, the Court entered an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) on October 19, 2021, advising Petitioner of the importance of a dispositive motion and of the need for him to file an adequate response to Respondent's motion. (ECF No. 18.) In that order, Petitioner was advised of the possible consequence of dismissal if he failed to respond adequately; however, Petitioner failed to file a response. Thus, Magistrate Judge Baker recommends that this action be dismissed for lack of prosecution and for failure to comply with this Court's orders, pursuant to Federal Rule of Civil Procedure 41(b). (ECF No. 35.)

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).

The Court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (quotation marks and citation omitted)).

The Magistrate Judge advised Petitioner of his right to file specific objections to the Report. (ECF No. 35 at 3.) No objections have been filed, and the time for doing so expired on April 1, 2021. After a thorough review of the record of this matter, the applicable law, and the Report, the Court finds no clear error. Accordingly, the Court adopts and incorporates the Report (ECF No. 35) by reference herein. It is therefore ORDERED that this action be dismissed *with prejudice* for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *See Ballard v. Carlson*, 882 F.2d 93 (4th Cir. 1989).

**IT IS SO ORDERED.**

/s/ Bruce Howe Hendricks
United States District Judge

June 23, 2022
Charleston, South Carolina

*****

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.